## Cochran, et al. v. Simmons, et al.

(Decided November 2, 1917.)

### Appeal from Bullitt Circuit Court.

1. Partition—Actions for Partition—Jurisdiction.—Although under section 494, Civil Code, an action for the partition of the real estate of a decedent among his heirs at law may be brought either in the circuit court or county court of the county in which the lands or a greater part thereof lie, subsection 11 of section 499 provides, that if the action be brought in the county court, after the filing of answer, it may be removed on the motion of either party to the circuit court for trial.

2. Receivers—Nature and Grounds of Receivership.—Civil Code, section 298, provides generally for the appointment of a receiver and prescribes his powers and duties but does not declare by what court the appointment of a receiver shall be made. It is, however, a well recognized rule that the appointment of a receiver

is the subject of equitable jurisdiction and the circuit courts in this state are the only courts which possess and exercise a general jurisdiction in equity; hence, the judges of these courts are the only judges of the state invested with full chancery jurisdiction and inherent power to appoint receivers.

3. Receivers—Jurisdiction of County Court.—The county court is a court of limited jurisdiction and can exercise no powers other than those expressly conferred upon it by statute. It is not, therefore, a court of general or equitable jurisdiction, and no statute can be found which confers upon it the power to appoint a receiver. The same is true of other courts inferior in jurisdiction to the county court, such as police courts and courts of justices of the peace.

4. Receivers—Appointment—Final Order—Appeal.—Section 298, Civil Code, provides that the order of a court or of the judge thereof appointing or refusing to appoint a receiver shall be deemed a final order for the purpose of an appeal to the Court of Appeals, and as an appeal from an order or judgment of a county court in a civil matter will not lie to the Court of Appeals, but must be taken to the circuit court, it follows that the circuit court or judge thereof is alone possessed of the power to appoint a receiver.

5. Partition—Action for—Receivers.—Pending an action brought in the circuit court for a partition of the real estate of a decedent the circuit court or judge thereof, if it be made to appear that the real estate is in danger of being subjected to waste, or otherwise materially injured, may appoint a receiver to take charge thereof and preserve same until such time as the partition thereof can be effected.

CHARLES CARROLL for appellants.

BEN CHAPEZE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Reversing.

G. W. Simmons died in Bullitt county intestate, leaving a large estate, real and personal. He was survived by his widow, Burrilla Simmons, a daughter, Lula Cochran, wife of Thomas Cochran, and two sons, S. B. Simmons and W. N. Simmons. The two sons were appointed and duly qualified as administrators of the estate. By agreement between the widow and heirs at law she was allotted her dower in the decedent's real estate, and is now in possession of same.

This action was brought by the daughter, Lula Cochran, and her husband, Thomas Cochran, in the Bullitt circuit court against the widow and two sons, the two latter as administrators and heirs at law, for a settlement of the decedent's estate, a partition of the real

estate among the heirs at law and the appointment of a receiver to take charge of the lands pending the partition proceedings. It is alleged in the petition that during his lifetime the decedent made large advancements to each of his sons in money and property and like advancements to his daughter, but of lesser amount and value than those made to the sons; that an irreconcilable disagreement has arisen between the daughter and sons with respect to these advancements and the amount thereof, the sons being unwilling to be charged in the distribution of the personal estate with the advancements that were received by them, for which reason a reference to a commissioner to hear proof and determine the matter would be necessary; that the parties had also disagreed as to the partition of the real estate, making it necessary for such partition to be justly and equitably made by commissioners appointed by the court for that purpose; that such disagreement also extends to the management and disposition to be made of the lands pending the partition proceedings, it being the desire of the daughter that such of them as are not occupied by the heirs at law shall be rented out and the buildings and fencing thereof preserved, while it is the avowed purpose of the two sons to simply hold the lands in the condition in which they were left by the decedent until the partition can be effected, which, it is claimed, will result in waste and injury to the lands, buildings and fencing thereon, and materially impair the value of the interests, respectively, of the heirs at law therein; hence the necessity for the appointment of a receiver to take charge of the lands, rent and preserve them until the partition can be accomplished. Application was made to the judge of the circuit court in vacation for the appointment of the receiver, which the sons, S. B. Simmons and W. N. Simmons, by answer, resisted upon the grounds that the appointment of a receiver was unnecessary; that they had already instituted in the Bullitt county court an action for the partition of the real estate among the heirs at law, in which their sister and her husband were made defendants, and had applied to that court for a receiver to take charge of and control the real estate until its partition could be effected; that by reason of the institution of that action before the institution of this one the Bullitt county court had jurisdiction to appoint the receiver and the Bullitt circuit court has not such jurisdiction. Therefore, the dismissal of this

action was prayed insofar as it attempts to obtain the appointment of a receiver. The judge of the circuit court adopted this view of the matter and entered an order refusing to appoint the receiver; and from that order this appeal is prosecuted.

We think the facts alleged in the petition and stated in the affidavits filed by appellants in support thereof, show the necessity for the appointment of a receiver to take charge of the lands as prayed. While under section 499, Civil Code, an action for the partition of the real estate of a decedent among his heirs at law may be brought either in the circuit court or county court of the county in which the lands or a greater part thereof lie, subsection 11 provides that after the filing of answer the action may be removed on motion of either party to the circuit court for trial. Section 298 provides generally for the appointment of a receiver, and sets forth his powers and duties, but the section does not designate by what court the appointment of the receiver shall be made. It is, however, a well-recognized rule that the appointment of a receiver is the subject of equitable jurisdiction. In 34 Cyc. 101, in treating of this matter, it is said:

"The matter of the appointment of a receiver is the subject of equitable jurisdiction, to be exercised in proper cases in any cause of which the court, as a court of equity, has jurisdiction, and courts of chancery as well as those courts in the various states which exercise a general jurisdiction in equity, and the judges thereof, or the courts upon which is conferred full chancery jurisdiction and powers in particular matters, have inherent power to appoint receivers. The power is referable solely to those powers which the court exercises as a court of chancery, and a court of law has no inherent power in this regard; any authority which it may exercise in appointing receivers must be derived entirely from some positive law."

The circuit courts in this state are the only courts which exercise a general jurisdiction in equity, and the judges thereof are the only judges of the state invested with full chancery jurisdiction and inherent power to appoint receivers. The county court is a court of limited jurisdiction and can exercise no powers other than those expressly conferred upon it by statute. It is not, therefore, a court of general or equitable jurisdiction, and no statute can be found which confers upon it the

power to appoint a receiver. The same is true of other courts inferior in jurisdiction to the county court, such as police courts and justices of the peace. Reed v. Raylor, etc., 25 R. 1793.

Another fact that convinces us of the correctness of this conclusion is that section 298, Civil Code, allows an appeal to the Court of Appeals from an order refusing the appointment of a receiver, and under the law appeals from the county court in civil matters will only lie to the circuit court. In other words, the law does not allow an appeal to be taken in such a matter from a judgment of the county court to the Court of Appeals.

It, therefore, follows that the Bullitt county court is without jurisdiction to appoint a receiver to take charge of the lands left by the decedent, but that the power to make such an appointment was and is in the Bullitt circuit court; and as the grounds set forth by the appellants' petition for the appointment of a receiver were sufficient to that end, the judge of the circuit court erred in refusing to make such an appointment.

For the reasons indicated, the judgment is reversed and cause remanded to the circuit court for such further proceedings as may conform to the opinion.