## Cochran, et al. v. Simmons, et al.

(Decided December 14, 1917.)

### Appeal from Bullitt Circuit Court.

CHARLES CARROLL for appellants.

BEN CHAPEZE for appellees.

RESPONSE BY JUDGE SETTLE—Overruling petition for a rehearing.

For original opinion, see 177 Ky. 562.

After carefully considering appellees' petition for a rehearing, we fail to find in its plausibly urged contentions any cause for our withdrawing from the conclusion expressed in the opinion, that a county court is without jurisdiction to appoint a receiver. It is true, as claimed by appellees, that section 499, subsection 12, Civil Code; and, also, section 950, Kentucky Statutes, allows an appeal to be taken directly to the Court of Appeals from a final judgment of the county court rendered in an action to partition land and allot dower, but the latter section expressly excludes any right of appeal from a judgment of the county court to the Court of Appeals in any other character of action or proceeding. This is patent from the language of the section, which is as follows:

"An appeal may be taken to the Court of Appeals as a matter of right from the judgment of the circuit court in all cases in which the title to land or the right

to an easement therein or the right to enforce a statutory lien thereon is directly involved, but no appeal shall be taken to the Court of Appeals as a matter of right from a judgment for the recovery of money or personal property or any interest therein, or to enforce any lien thereon if the value in controversy be less than five hundred dollars, exclusively of interest and cost. Nor to reverse a judgment granting a divorce or punishing a contempt *nor from any judgment of the county court except in actions for division of land and allotment of dower nor from any order or judgment of the quarterly, police, fiscal or justice's court nor from a bond having the force of a judgment.*"

There is no force in the argument of appellee's counsel that the right of appeal from an order of a county court appointing or refusing to appoint a receiver, results in an action to divide land, because of that court's jurisdiction of such action. Jurisdiction in the county court to divide land, does not, however, incidentally give jurisdiction to that court to appoint a receiver. The right of appeal from an order appointing or refusing to appoint a receiver is conferred by a separate and distinct statute, viz.: section 298, Civil Code, but the court entering the order appealed from, must have jurisdiction to appoint the receiver, whether the appointment be made or refused; and such jurisdiction has never been conferred upon or exercised by the county courts of this state, but belongs alone to the circuit courts. Besides, as we have already seen, section 950, Kentucky Statutes, does not allow an appeal to the Court of Appeals from an order of the county court appointing or refusing to appoint a receiver.

The only error appearing in the opinion in this case is found in the following statement:

"Under the law appeals from the county court in civil matters will only lie to the circuit court."

This statement should have been, and is now qualified, by adding to it the words: Except that in actions for division of land and allotment of dower an appeal will lie from a judgment of the county court to the Court of Appeals.

It follows from what has been said that the petition for rehearing should be and it is overruled.